Mr. David G. Tucker Escambia County Attorney Room 411 County Court House Annex 14 West Government Street Pensacola, Florida 32501
Dear Mr. Tucker:
On behalf of the Escambia Board of County Commissioners, you ask the following questions:
1. Are there any referendum requirements for the creation of a new municipality by special act of the Legislature?
2. May the Legislature create a new municipality made up of land previously conveyed by the United States Government to Escambia County under a deed of conveyance restricting further conveyance either back to the Federal Government or to the State of Florida or an agency of the state, when the land is comprised of leaseholds that are statutorily exempt from ad valorem taxation but are subject to currently collected state intangible personal property taxes?
In sum:
1. Chapter 165, Florida Statutes, which provides for the incorporation of new municipalities, does not require a referendum. However, a referendum of the electors of the area affected would be required to approve a special act creating the municipality if notice of the special act has not been provided.
2. While the Legislature possesses the power to create municipalities, the statutorily prescribed standards and procedures for creation of a municipality in Chapter 165, Florida Statutes, would appear to preclude the creation of a municipality which is hindered from exercising its constitutional power to levy ad valorem taxes. Moreover, such action attempting to transfer property and leasehold payments to a newly created municipality in contravention of the conditions of the deed of conveyance may violate the federal supremacy clause or unlawfully impair the existing contract.
You state that the property in question was deeded to the county by the United States Government in 1947 under a deed of conveyance. Said deed prohibited the county from further conveying the property in fee simple, but did permit the county to lease the property to private leaseholders. The Florida Legislature created the Santa Rosa Island Authority as an agency of the county, granting it various governmental powers including the power to lease property.[1] Over the past fifty years the Authority has leased island property to various individuals and entities. Most of these leases are for a term of ninety-nine years with a right of renewal for an additional ninety-nine years.
Question One
Section 165.041(1)(a), Florida Statutes, provides that a charter for incorporation of a municipality, except in case of a merger, "shall be adopted only by a special act of the Legislature upon determination that the standards herein provided have been met." An approving referendum is not required.[2]
Article III, section 10, Florida Constitution, however, imposes certain requirements for passage of a special act. It provides:
"No special law shall be passed unless notice of intention to seek enactment thereof has been published in the manner provided by general law. Such notice shall not be necessary when the law, except the provision for referendum, is conditioned to become effective only upon approval by vote of the electors of the area affected."
Accordingly, if notice of the special act is not provided, the above constitutional provision makes the special act contingent upon approval of the electors of the area affected.[3]
Lease-holders in the area would not by virtue of their leaseholds be entitled to vote; rather, those persons entitled to vote must be qualified electors of the area affected.
Question Two
You state that the leaseholds on the island are exempt from ad valorem taxation but are subject to currently collected state intangible personal property taxes.[4] In light of this, you question whether this area may be incorporated.
Section 165.061(1), Florida Statutes, sets forth the standards for the incorporation of a new municipality, other than through a merger, and provides in subsection (1)(e)2. that a proposed municipal charter must "not prohibit the legislative body of the municipality from exercising its powers to levy any tax authorized by the Constitution or general law."
In Attorney General Opinion 91-46, this office was asked whether the Legislature could create a municipality in the Pensacola Beach area out of property, as here, conveyed to Escambia County by the Federal Government. This office recognized that the above statutorily prescribed standards and procedures for creation of a municipality precluded the creation of a municipality which is hindered from exercising its constitutional power to levy ad valorem taxes.
In addition, while this office recognized the Legislature's authority to create a municipality, this office warned that an attempt to transfer property and leasehold payments to a newly created municipality in contravention of the conditions of the deed of conveyance could violate the federal supremacy clause or unlawfully impair the existing contract.[5] To the extent the deed of conveyance is a contract between the Federal Government and Escambia County, this office warned that any attempt by the Florida Legislature to pass legislation altering the terms of that agreement, or unilaterally requiring the transfer of the property from Escambia County, may be subject to review as an unconstitutional impairment of the contract.[6]
Similarly, Attorney General Opinion 91-46 notes that the lease payments presently made to Escambia County are controlled by the lease contracts. The creation of a municipality encompassing the property which is subject to the leases would not, therefore, guarantee that the lease payments would be conveyed from the county to the municipality.
Thus, the statutorily prescribed standards and procedures for creation of a municipality in Chapter 165, Florida Statutes, would appear to preclude the creation of a municipality which is hindered from exercising its constitutional power to levy ad valorem taxes. Moreover, such action attempting to transfer property and leasehold payments to a newly created municipality in contravention of the conditions of the deed of conveyance may violate the federal supremacy clause or unlawfully impair the existing contract.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Chapter 24500, 1947 Laws of Florida.
[2] Compare, s. 165.041(2)(a), Fla. Stat., providing for an approving referendum of a concurrent ordinance providing for the merger of two or more municipalities and associated unincorporated areas.
[3] See, s. 97.041, Fla. Stat., setting forth the criteria to become a registered voter. And see, Avery v. Midland County,Texas, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968), which extended the holding in Reynolds v. Sims, 377 U.S. 533,84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), which gave rise to the "one man, one vote" principle to state political subdivisions exercising general governmental power. Compare, Salyer Land Company v. Tulare LakeBasin Water Storage District, 410 U.S. 719, 93 S.Ct. 1224,35 L.Ed.2d 659 (1973), which recognized a distinction for special districts, which possess relatively limited authority and does not provide the type of general governmental services typical of counties, municipalities, and school systems to which freeholder franchise limitations had previously been held unconstitutional.
[4] See, s. 196.199(2)(b), Fla. Stat.
[5] See, Art. I, s. 10, U.S. Const. ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts); Art. VI, U.S. Const. ("This Constitution, and the laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding"). And see, Art. I, s. 10, Fla. Const. (no . . . law impairing the obligation of contracts shall be passed).
[6] You question the ability of the Legislature's creation of the municipality since the property is not currently subject to ad valorem taxation. The leaseholds had, however, been subject to ad valorem taxation in the 1970s and it is possible that the Legislature might remove the current exemption. See, Straughn v.Camp, 293 So.2d 689 (Fla. 1974) (Imposition of ad valorem tax on property leased from Santa Rosa Island Authority and which had previously enjoyed exemption from all ad valorem taxes would not impair obligation of contract).